UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR CARTAGENA <br> Plaintiff | NO. |
| v. | |
| CONCORD BEVERAGE, LP <br> C/O COTT CORPORATIONs Tax Dept. | |
| AND | |
| COTT CORPORATION <br> Defendants | **JURY TRIAL DEMENDED** |

## NOTICE OF REMOVAL

Defendants, Cott Corporation and Cott Beverages Inc. (successor by merger to Concord Beverage LP), by and through their counsel, Ward Greenberg Heller & Reidy LLP, hereby give notice of removal of this civil action from the Court of Common Pleas of Delaware County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441 and 1446. As grounds for removal, defendants aver as follows:

1. Plaintiff, a citizen of the Commonwealth of Pennsylvania, commenced this civil action by filing a Complaint on February 21, 2017 in the Court of Common Pleas of Delaware County. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Defendants, Cott Corporation and Cott Beverages Inc., are citizens of Canada (a foreign state) and the States of Florida and Georgia, as set forth more fully below.

3. The Complaint filed on February 21, 2017 was an initial pleading for purposes of §1446(b).

4. On February 27, 2017, defendant Cott Beverages Inc. received, by United States certified mail, a copy of the Complaint. A true and correct copy of the Affidavit of Service is attached as Exhibit B

5. On March 17, 2017, a representative of the Sheriff's Department of Delaware County served a copy of the Complaint on defendant Cott Corporation, at a facility located at 20 Aldan Avenue, Glen Mills, Pennsylvania. A true and correct copy of the Sheriffs' Affidavit of Return is attached as Exhibit C.

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. All defendants consent to and join in this Notice of Removal. 28 U.S.C. §1446(b)(2)(A).

8. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders received by defendants are attached hereto as Exhibit A.

### This Notice is Timely Filed in Accordance With § 1446(b)(1)

9. This Notice of Removal is timely because it is filed within thirty (30) days of February 27, 2017 — the date on which the defendants first received, by service or otherwise, a copy of the initial pleading setting forth plaintiff's claim and cause of action. 28 U.S.C. § 1446(b)(1).

10. Further, this Notice of Removal is being filed within one year of the commencement of this action by plaintiff on February 21, 2017. 28 U.S.C. § 1446(c)(1).

## Complete Diversity of Citizenship Exists under §1332(a)

11.     District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different States or (2) citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). *See also Tullett Prebon PLC v. BGC Partners, Inc.*, 427 F. App'x 236, 238 (3d Cir. 2011)(district court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) "because BGC is a Delaware corporation with its principal place of business in New York, Tullett Prebon is a United Kingdom corporation headquartered in London, and the subject matter in controversy exceeds the sum or value of $75,000.00.").

12.     As set forth more fully below, complete diversity of citizenship exists between (i) the plaintiff, a citizen of the Commonwealth of Pennsylvania, and (ii) all of the defendants, citizens of Canada (a foreign state), and the states of Georgia and Florida.

13.     Diversity of citizenship between plaintiff and all defendants existed at the time this action was commenced by plaintiff on February 21, 2017 and continues through the date of filing of this Notice of Removal.

14.     Removing defendants are informed and believe that at the time plaintiff's Complaint was filed, and at the time this Notice of Removal is being filed, plaintiff was and is a citizen of the Commonwealth of Pennsylvania domiciled in Kennett Square, Pennsylvania. *See* Complaint, Ex. A, at ¶ 1.

15.     For purposes of determining the citizenship of a corporation under §§ 1332 and 1441, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). *See also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592

F.3d 412, 419 (3d Cir. 2010) (corporation considered a citizen of the states where it was formed and where it has its principal place of business).

16. At the time plaintiff's Complaint was filed and at the time this Notice of Removal is being filed, defendant Cott Corporation was and is a corporation organized and incorporated under the laws of the Canada. *See* Affidavit of Michael Creamer, Exhibit D, ¶ 3.

17. For purposes of determining the citizenship of a corporation, the phrase 'principal place of business' refers to the headquarters from where the corporation's officers and executives direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

18. At all relevant times, Cott Corporation had its executive offices and headquarters at 5519 W. Idlewild Ave, Tampa, Florida, and all corporate activities of Cott Corporation were and are directed, managed, coordinated and controlled from its Tampa, Florida headquarters. *See* Affidavit of Michael Creamer, Ex. D, ¶¶ 4-6.

19. At the time plaintiff's Complaint was filed and at the time this Notice of Removal is being filed, defendant Cott Corporation's principal place of business was and is located at 5519 W. Idlewild Ave, Tampa, Florida.

20. For purposes of citizenship of a corporation under §§ 1332 and 1441, Cott Corporation was at the time the civil action was commenced and is at the time this Notice of Removal is filed a citizen of Canada (a foreign state) and the State of Florida.

21. As of the date this civil action was commenced by plaintiff, there was no business entity known "Concord Beverage LP" in existence. *See* Affidavit of Michael Creamer, Ex. D, ¶¶ 7-9.

22. Through a series of transactions, culminating with the December 20, 2001 merger into defendant Cott Beverages Inc., all of the assets once belonging to Concord Beverage LP were transferred to Cott Beverages Inc. *See* Affidavit of Michael Creamer, Ex. D, ¶ 8.

23. Concord Beverage LP did not exist following the 2001 merger. *See* Affidavit of Michael Creamer, Ex. D, ¶ 9.

24. At the time plaintiff's Complaint was filed and at the time this Notice of Removal is being filed, defendant Cott Beverages Inc. was and is a corporation organized and incorporated under the laws of the State of Georgia. *See* Affidavit of Michael Creamer, Ex. D, ¶ 10.

25. At all relevant times, defendant Cott Beverages Inc. had its executive offices and headquarters at 5519 W. Idlewild Ave, Tampa, Florida, and all corporate activities of Cott Beverages Inc. were and are directed, managed, coordinated and controlled from its Tampa, Florida headquarters. *See* Affidavit of Michael Creamer, Ex. D, ¶¶ 10-11.

26. At the time plaintiff's Complaint was filed and at the time this Notice of Removal is being filed, defendant Cott Beverages Inc.'s principal place of business was and is located at 5519 W. Idlewild Ave, Tampa, Florida.

27. For purposes of citizenship of a corporation under §§ 1332 and 1441, defendant Cott Beverages Inc. was at the time the civil action was commenced and is at the time this Notice of Removal is filed a citizen of the States of Georgia and Florida.

28. There is, and has been since the date plaintiff commenced this civil action, complete diversity of citizenship between: (i) the plaintiff (a citizen of Pennsylvania) and (ii) the defendants, Cott Corporation (a citizen of Canada and Florida) and Cott Beverages Inc. (a citizen of Georgia and Florida).

### The Amount in Controversy Exceeds the Threshold of §1332(a) and §1446(c)(2)

29. Removal is proper if defendants establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B).

30. Plaintiff states in his Complaint that he seeks damages in excess of $50,000. *See* Complaint, Ex. A.

31. Rule 1021(b) of the Pennsylvania Rules of Civil Procedure does not allow parties seeking unliquidated damages to "claim any specific sum." Pa.R.Civ.P. 1021(b). Accordingly, plaintiff's demand is the exception provided for in § 1446(c)(2)(A)(ii) and removing defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Stevenson v. Wal-Mart Stores, Inc.*, Civ. A. No. 14-4073, 2015 U.S. Dist. LEXIS 3548, 2015 WL 158811, *3 (E.D. Pa. Jan. 12, 2015) (requiring defendant to show by a preponderance of the evidence that plaintiff's claim for an unliquidated amount "in excess of $50,000" exceeded the $75,000 jurisdictional threshold).

32. In determining the amount in controversy, the Court must first look to the Complaint to assess the damages sought by the plaintiff. *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993); *Tuckey v. Intermatic, Inc.*, No. 1:13-CV-02096, 2014 U.S. Dist. LEXIS 8952, *6-7 (M.D. Pa. Jan. 24, 2014). If the Complaint is open-ended and does not allege a specific amount, the Court must perform an independent appraisal of the value of the claim. *Tuckey*, 2014 U.S. Dist. LEXIS 8952 at *7. The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146.

33. A reasonable reading of the plaintiff's claims—which include allegations of permanent bodily injury, surgery, extended disability, past and future wage loss, and future joint replacement—demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Complaint, Ex. A, at ¶¶ 10, 14-19.

34. Specifically, plaintiff claims that as a result of the alleged incident he sustained:

    (a) Torn left rotator cuff (Complaint, Ex. A, ¶14);

    (b) Arthritis (Complaint, Ex. A, ¶14);

    (c) "Severe shock to his nerves, great physical pain, mental distress, and anguish" (Complaint, Ex. A, ¶16).

35. Plaintiff claims that he has undergone "intensive medical care, including surgery" due to his injuries. Complaint, Ex. A, ¶15.

36. Plaintiff further claims that it has been recommended that he undergo an "elbow replacement" in an attempt to correct his injuries. Complaint, Ex. A, ¶14.

37. Plaintiff claims that he has been out of work since "shortly after the date of this injury" – a period of two years – believes that he may be unable to return to work in the future. Complaint, Ex. A, ¶¶17-18. Even assuming that plaintiff earns no less than the $7.25 per hour federal and Pennsylvania minimum wage rate, plaintiff's past loss wage claim totals ***at least*** $29,000 ($7.25/hour x 40hrs./week x 50 weeks/year x 2 years).

38. Plaintiff claims that all of these alleged pain and injuries "may continue for an indefinite time in the future." Complaint, Ex. A, at ¶ 16.

39. Plaintiff claims that he has expended, and will be compelled to expend in the future, "large sums of money for medical care and services" due to his injuries. Complaint, Ex. A, at ¶ 19.

40. Considering the permanent nature of plaintiff's injury claims, including the alleged rotator cuff tear, surgery, two-year period of disability, wage loss, mental anguish, future joint replacement, future medical care, and loss of future earnings, the amount in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs.

41. Therefore, as to said claims and causes of action of plaintiff, jurisdiction is vested in this Court and defendants are entitled to removal. 28 U.S.C. §§ 1332 and 1441.

42. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a).

43. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff, and a certified copy will be filed with the Prothonotary of the Court of Common Pleas of Delaware County, Pennsylvania.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship between plaintiff and all of the defendants, and removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

WARD GREENBERG HELLER & REIDY LLP

By: _____
Edward A. Greenberg
Dennis R. Callahan
1835 Market Street, Suite 650
Philadelphia, PA 19103
(215) 836-1100

Counsel for Defendants, Cott Corporation and Cott Beverages Inc. (successor by merger to Concord Beverage LP)

Date: March 27, 2017

8

## **CERTIFICATE OF SERVICE**

I, Dennis R. Callahan, hereby certify that on this 27th day of March, 2017, a true and correct copy of the foregoing Notice of Removal was served via first-class United States mail, postage prepaid, as follows:

>Emanuel Kosacci, Esquire
>Kosacci Law Firm, P.C.
>4821 E. Street Road
>Feasterville, PA  19053

_____
Dennis R. Callahan